**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BLANCHE TRIVETTE,
Plaintiff-Appellant,

v.

No. 95-2795

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Carl Horn, III, Chief Magistrate Judge.
(CA-95-8-5-H)

Submitted: October 31, 1996

Decided: December 24, 1996

Before HALL, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dianne Upson, Todd, North Carolina, for Appellant. Mark T. Cal-
loway, United States Attorney, Kenneth M. Smith, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Blanche Trivette appeals the magistrate judge's decision* affirming the determination by the Secretary of Health and Human Services (Secretary) that she is not disabled from performing her past relevant work and therefore not entitled to social security disability benefits. Trivette argues that the evidence did not support a finding that she could perform her past relevant work as a housekeeper at Appalachian State University (ASU). She contends that her duties at ASU constituted medium work, rather than light work, as the Secretary found.

We review the Secretary's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. Pass v. Chater, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

We find that substantial evidence supports the Secretary's decision. Under the sequential evaluation process set forth at 20 C.F.R. § 416.920 (1996), the claimant bears the burden of proof and production through the fourth step of that process: determining whether the claimant is disabled from her past relevant work. Pass, 65 F.3d at 1203. The evidence was inconclusive as to whether Trivette's duties at ASU constituted light or medium work. She thus did not bear her evidentiary burden. More importantly, she did not present credible evidence showing that her physical and mental capabilities deteriorated to the point that she was no longer able to perform her job.

We accordingly affirm the decision of the magistrate judge. We dispense with oral argument because the materials before us reveal that argument would not aid the decisional process.

AFFIRMED

_____

*In accordance with 28 U.S.C. § 636(c) (1994), the proceedings were conducted by a magistrate judge with the parties' consent.